# ELVIRA FERNANDEZ BLANCO ET AL.

*v.*

# JOSÉ ANTONIO FERNANDEZ Y PEREZ ET AL.

Mayaguez, Equity, No. 207.

1. Where respondent has been for several years managing and in possession of plantations owned jointly with complainants, and in the accounting endeavors to show that complainants are indebted to him for the running expenses of the plantations over and above the value of the products thereof, the burden is upon respondent to show by a preponderance of the evidence that the conducting of such properties did in fact result in a loss. In the absence of such satisfactory showing nothing will be allowed on that account, even though the court does not find that respondent has been guilty of actual fraud.

2. Where, through a series of years of legal controversy, both complainants and respondents at different times have been guilty of negligence and wrong that has resulted in loss and damage to the opposite party, a court of equity will consider such action in equalizing and balancing the rights and equities of the parties in a final accounting.

3. See a case where the court balances the equities of the parties and settles controversies that had continued for years.

Opinion filed September 7, 1909.

*Mr. F. H. Dexter,* attorney for complainants.

*Mr. Willis Sweet,* attorney for the respondents.

RODEY, Judge, delivered the following opinion:

In this cause, under date of January 30, 1909, we filed two memorandums or short opinions authorizing the entering of two partial decrees therein, which were so entered under date of February 16, 1909, in and by which partial decrees certain property and interests in property were decreed to belong to the complainants and the respondent Maria Garcia Barreras.

These opinions and decrees were the result of a stipulation between the parties, dated August 15, 1908, which can be seen in the files.

After the entering into of said stipulation there remained nothing to be done under its terms but to ascertain what assets, if any, the defendant Fernandez, or any of the other defendants, might have belonging to the complainants, or what, if anything, should be found to be due to either the complainants or the respondents involved in the estate about which this litigation is pending.

Four days after the entering of the stipulation, and on August 19, 1908, and thereafter for considerable time, evidence was taken with reference to this accounting. After the examiner had taken it and had submitted it to the court, we examined the same but were unable to determine from it whether the amount of $8,272.22, which respondent Fernandez claimed the complainants and their co-owner and respondent Maria Garcia Barreras owed to him, was justly due or not.

Thereupon, the court, by consent of the parties and as set out in one of the opinions aforesaid, employed an expert accountant, and to him were submitted practically all of the books and papers belonging to the matter in controversy, which

Blanco v. Fernandez y Perez.

in volume reached through years of large business transactions, and was made up of hundreds of pages of entries in dozens of large books, blotters, cash books, journals, ledgers, etc. At the end of said examination complainants were still dissatisfied with the result, and, under date of June 22, 1909, their counsel filed objections and exceptions to the report so made by the expert accountant, and six days later, on June 28th, filed a seventeen-page statement, argument, and brief, alleging various frauds in and about the action of the respondent Fernandez in the keeping of the accounts in question, etc. To all these allegations of counsel, the respondent Fernandez and his children, by their solicitor, filed an elaborate reply. After examining these allegations of fraud, and again ourselves going over the books, statements, and accounts, we a second time sent for the expert accountant and required him to go over the books and accounts again in the light of the new allegations presented.

After having thus had this second examination of these books, accounts, briefs, and arguments, and after having been again so aided by the expert accountant, and after full consideration of the equities, we are constrained to find that the only item in the account about which dispute may be properly maintained is the item of $4,480.11, which is charged by respondent Fernandez against complainants as cash delivered to them. We find, as a matter of fact, that he has overcharged them in this item, as the correct amount should be $1,832.74, being for advances to and expenditures for account of the complainants up to May 27, 1903. Items charged since that date, amounting altogether to $2,647.37, are mainly for attorneys' fees for defendant's own defense, and for translations and copies of doc-

uments, registry charges, etc., that in no manner concern the complainants. We have therefore deducted this amount of $2,647.37 from the amount claimed, $4,480.11, reducing it to $1,832.74. To this latter sum should be added $200 which it is admitted respondent Fernandez paid to counsel for complainants. The last item in the account of respondent Fernandez against the complainants is the sum of $3,600, which he alleges is the net loss chargeable to the complainants and their co-owner, Maria Garcia Barreras, in proportion according to their ownership, and which accrued in and about the conducting, running, and maintaining of the different plantations in which complainants and their co-owner have a part interest, and which have been in the charge and custody of respondent Fernandez for several years previous to the present time. The expert accountant has gone into the books and records with reference to the details of this item, and ascertains that it is not correct, as even according to the books it should be nearly $1,000 less, or to be exact, $2,644.30. Complainants, by their solicitor, bitterly complain against this item of expense on the ground that if the said plantations have, in fact, been conducted at a loss, it was owing to the extravagance and negligence of the respondent Fernandez, and they introduced a lot of evidence tending to show that a very large profit should have been made, instead of a loss. We have examined the evidence carefully on this point, and have examined the books and accounts with reference to the charges for the expense of conducting these plantations during these years, and are of the opinion that the respondent Fernandez was in fact extravagant and careless in and about the same, and that the burden is upon him to show the loss by evidence satisfactory to the court, and this we unhesitatingly find he has failed to do.

Blanco v. Fernandez y Perez.

We therefore will not allow him any of this claim, as we regard it as wholly unreasonable, under all the circumstances, that a profit instead of a loss should not have been made; but, we do not think, as alleged by the complainants against him, that he has, in fact, made a profit of $25,000 or $30,000 in and about the same, and concealed it, or that he, in fact, made any profit in the premises.

Therefore, the only allowance that will be made to the respondent Fernandez, as against the complainants and their co-owner, Maria Garcia Barreras, in proper proportions as their interests appear, will be the item of $1,832.74 for the cash advanced as aforesaid, and the item of $200 also cash advanced, making in all the sum of $2,032.74. No interest on advances made between any of the parties will be allowed, and this is done in consideration of all the equities of the case, as both sides were to blame for much of this litigation. It would be tiresome to recite the hardships that these complainants have been put to for many years, on the one hand, most of which, though, were brought about through the criminal acts of their own agent, whom they sent to the island to look after their affairs, and on the other hand, the years of worry, expense, and annoyance that the respondent Fernandez himself has been put to in and about what should have been a plain and simple settlement of accounts with his late friend and business partner, Ramon G. Barreras.

After a full examination of the record, and in consideration of all the equities, we are constrained to hold that the costs be divided equally between the parties, to include the examiner's fees, amounting to $150, and the charges of the expert accountant, amounting to $237.

Blanco v. Fernandez y Perez.

We do not think it necessary, nor does the stipulation of the parties authorize us to do anything in that regard, to make any order with reference to the vast amount of old notes, mortgages, accounts, and bills receivable (which are said to be practically worthless) of the many firms or partnerships, regarding which this litigation has been pending, and all such evidences of debt will be returned to the said respondent Fernandez, the ownership therein to remain as heretofore respectively in the parties. Neither do we think it necessary to make any finding or enter any order with reference to the orders heretofore entered regarding the keeping of the proceeds of the coffee of divers of the plantations involved in the litigation, because under the stipulation the same are merged and waived in the accounting and finding of the amount due to Fernandez, as in this memorandum before set out. It is of course understood, that these complainants or their co-owner, the said Maria Garcia Barreras, are not hereafter to be in any manner held liable to Fernandez & Company (or any of the sundry liquidations, so called) because, in this settlement, they account to the respondent Fernandez therefor, and as he presents the account here he is held responsible to the other partners, Francisco Crestar and Damian Fernandez, in the premises.

As to the joint ownership of the real estate still owned by the parties: as the bill does not ask for a partition, and the stipulation does not call for the same, the matter will be allowed to remain as it is, until in this or some other court a proper suit is brought to partition it.

Therefore a proper decree will be forthwith prepared and entered, settling the rights of the parties as herein set forth, and granting to the respondent Fernandez as may be proper, a

lien for the said sum of $2,032.74 upon the interests of these complainants and that of their co-owner, Maria Garcia Barreras, to which may be added the one half of the costs as aforesaid, which the said Fernandez shall in the first instance pay, together with his own half of the costs before the decree is entered, unless the said complainants or their counsel shall pay such other half; and further, the said decree shall in the usual manner provide for the sale of said interests in said properties, or as much thereof as shall be necessary, in case said sum and costs is not paid within thirty days after the entering of the decree.